Case 22-5837, USA v. William Rogers. Oral argument, 15 minutes per side. Mr. Rodriguez for the appellant. Morning, Mr. Rodriguez. Welcome back. Morning, Judge Roberts. It's good to see you and Judge Davis. I'm sorry, Judge McKee couldn't be here in person. Probably didn't want to be by you after the game last weekend. Good morning, your honors. May it please the court, I've reserved two minutes for rebuttal, I believe. I represent the appellant, Mr. William Rogers. Mr. Rogers challenges his sentence as procedurally unreasonable because the district court erroneously designated him a career offender under the sentencing guidelines. The district court did so because it found that Rogers had two prior felony convictions for controlled substance offenses, stemming from the January 2017 and the March 2018 incidents. But that conclusion is wrong. Considering the sentencing guidelines text, structure, and purposes, as well as relevant case law, the January 2017 incident... Mr. Rodriguez, I apologize for interrupting you, but the question is whether there's an intervening arrest between the two crimes. There's no question that this guy was arrested and taken into custody, right? You can see that. I can see he was taken into custody, and I don't want to confuse the matter further by not saying he was arrested under some dictionary definition and Fourth Amendment jurisprudence of a custodial formal arrest. The argument rather goes that arrest in those contexts is not what intervening arrest means under the sentencing guideline. So you're basically making, as I understand it, a policy argument that for us to say that this was an arrest, and therefore they both count, is somehow not fair because that didn't provide notice to your client. But the flip side of that is arrest is an arrest, and we don't generally look behind the words in the guidelines to make a policy argument. At least I don't think we do. Your argument might actually be a good argument from the standpoint of policy, but that's the role of the Sentencing Commission. Agreed, and I'm not asking this court to rewrite the sentencing guidelines or 4A1.2A2. There have been instances where courts have found that an actual taking into custody and what we would say is a formal arrest does not trigger certain mechanisms and statutes where arrest is called for. For instance, in the Speedy Trial Act context, there's a lot of cases, Bloom in the Second Circuit is the leading one, but the Fifth, Seventh, and Ninth agree. Specifically, when an individual is promptly released from federal custody without the government filing formal charges, there is no quote arrest within the meaning of 3161B. How long was this guy held in custody? Wasn't it 30 days? Mr. Rogers or in that Bloom case? Oh, your client. The record is silent on that, and it's disappointing because all I can see is in R28 at page ID 75 in the sentencing memorandum, we say that he was arrested that night and later released. The government doesn't provide any more clarity, so it could have been the next morning, but Kentucky has procedures that it sets forth for what the government has to do in a post-arrest context. Kentucky Rule of Criminal Procedure 3.03 designates that arrestees with or without a warrant must be without undue delay brought before a judge, which nothing in the record suggests that happens here. Other Kentucky case law says that for their own kind of version of this intervening arrest situation, they have a phrase called a waiting trial, and an individual needs to be not only arrested but informed of charges before they can be held accountable for future actions awaiting trial. So it's not just a policy argument. There have been instances where courts have said that, yes, arrest means arrest, but there needs to be a legal effect to it, and charges at a minimum are what attach to the arrest to make someone be aware that they're being held legally accountable. I mean, someone could be taken into custody, informed that night that, hey, the description matched you, but we found someone else, and let them go. That person was arrested as far as every step of the way, along with Mr. Rogers. They were handcuffed and put in the back of the car and taken into custody, but yet that person would not be under 4A1.2A also accountable. So the word arrest as far as custodial... Can I just interrupt you for a second? Isn't the reason that that person wouldn't be held accountable because that person wouldn't have a conviction? Yes, of course. Yes. So is that a meaningful analogy? So it is true that you need an offense and an arrest that ties to the offense, but I think that's kind of the textual hook. The way that I read 4A1.2A2 is that the arrest and the offense tie together. So you eventually do need to get convicted, but at the time of your arrest, you don't know that that's something that's going to be taken into account. So it's a forward and a backward looking argument of the person I'm talking about that never gets charged, of course that they're not going to be under this prior sentence statute. But at the time of arrest or taking into custody, they're in the same situation as Mr. Rogers was. So it is looking forward, they have the same amount of knowledge that when they're released, and more than a year later, I mean, I asked Mr. Rogers, when did you know about this? He said, when I was pulled over, hand to God, they said I had a warrant for my name. I thought it was mistaken identity. He didn't get notice, the failure to appear, he never knew anything like that. And that is to say that it's an unfairness argument, as Judge McKeague said, but that's not the legal argument. I think that goes more toward the rule of lenity, which we can discuss later. But there are cases where arrests, as far as taking into custody, need to have some formal attachment. So custody would be one sufficient, or one necessary condition. And then notice that you're being held legally accountable for your actions is another necessary condition. But without either, neither one alone is sufficient. The Ninth Circuit, which in Leal-Felix, which this court endorsed a lot of that reasoning in Powell, said that the reason for 4A1.2A2 is that you're kind of delineating between someone who does one crime at one time, and a prosecutor to draft up a bunch of different charges from that, and multiple incidents, which admittedly, Mr. Rogers' case has. But the reason that a traffic citation or a summons doesn't count there is because there's not that custodial arrest. So okay, they said notice was important in the Ninth Circuit, but you also had to have custody. But here, the notice that Mr. Rogers had a year later, without any charges over his head, without being arraigned before a judge, or having to pose bail or bond, or anything like that. I mean, right or wrong, he thought he was scot-free. And I'm not aware of these cases, especially under the career offender context, where we're talking about violent felonies and felony level controlled substance offenses, where police officers show up to a hotel room with drugs in plain sight that they can say belongs to one person. They take him into custody and then release him with no charges. I don't know what the explanation for that is. And I don't know why Kentucky law enforcement decided to go about it that way. But there are other ways to, you can investigate someone, and then later bring charges and bring them in and indict them. But bring them into custody and then releasing them is not the same thing as all the cases that have said that a formal arrest is all that triggers it. Because in all of those cases, there were charges that were brought immediately. Ignoring for a second who's burden it is to come forward with what apparently is this missing information, it would have been very easy if you chose for you to find out how, when he was released, temporarily compared to when he was taken into custody. Was it the next morning or was it quite a bit later? Well, I think state court records on arrests are often very difficult to parse. And to find, in 2006 when the Sentencing Commission held hearings. That might be, but did you even check? Well, I asked, no, I didn't check exactly on when he was released. But I mean, in the record, it's part of the reason why using a phrase like intervening arrest and then only relying on PSRs that are not always fully clear in the record. You can tell from both our briefing and the government's briefing that no one takes a definitive point. It was arrested and later released and it doesn't say how many days. I didn't get the sense that it was a long detention or anything like that. And then there's nothing in there about arraignment or bond or bail or anything like that. Which again, is required under Kentucky procedure. And it just makes me think that if it did occur, it would have been in that record. There are also cases specifically, kind of in like an immigration context, which is civil. The 11th Circuit has a line of cases, Drummond and Noel, where individuals that were brought into custody by immigration enforcement officials tried to argue that the speedy trial clock should have started when they were brought into custody. And there again, not until criminal charges were brought, did the 11th Circuit find that the clock started running. And so, it's not a policy argument just to tie back to the original question, Judge McKeague. I do think that there are textual hooks there. Relying on precedent and then relying on the purposes of the sentencing guidelines. Specifically, the first explicit purpose of the guidelines to combat crime through fair and effective sentencing. Why would the phrase intervening arrest be in there? It can't only be punitive because the guidelines provide for a upward departure at Section Note 3 of Section, or Application Note 3 of Section 4A1.2. For where situations when the district court feels that the single sentence rule has not adequately represented a defendant's criminal history, that they can depart upward in those situations. So, it seems to be in the 9th Circuit has said, and this court affirmed that reasoning in the 9th Circuit, that the reason is really about notice. That an individual needs to know that they're being held account, kind of to stop committing criminal actions or potential criminal actions. And that's why we have the career offender. Can I ask you, so just on the text. The text says that there's one indictment or one charging document. We look at the time of the arrest. I think, right? To figure out whether they should be counted separately? The parenthetical phrase, i.e., the arrest for the first offense occurs before the arrest for the second offense? Well, if the offenses are charged at the same time, we have to figure out whether there's intervening arrest. And that could be, they're charged at the same time because they could be part of the same indictment. Correct. But if, so then the rule is supposed to be to go back and look when the arrest occurred. But your point is the arrest can never occur until the indictment issues. In which case, why would we ever go back? If the indictment's always the triggering point, then why would we ever go back and look when the arrest occurred if the indictment is when the arrest occurs in your mind for purposes of the... Yeah, I understand. And it's not, I guess I'm not saying, I'm not trying to engage in like doublespeak here, that the arrest doesn't occur. But an arrest that has the legal consequence of triggering an intervening arrest. Because intervening is its own term here that has a temporal element. But like we see in other stages of, or other forms of law, like an intervening cause or something like that, has to have an effect. And so an intervening arrest as a term of art is something that, yes, is a formal custodial arrest that we know at the time that it happened is an arrest. But that also because there is the backwards looking function of the word offense there that has to tie back to an arrest. It has to be an arrest that is charged at the, if not at the time. And that's why I use the Speedy Trial Act as shorthand. I'm not saying that we impose the Speedy Trial Act on the guidelines. You have these examples of where there's indictment for multiple offenses. It says to go look and see when the arrest occurred, whether it was an intervening arrest, to make them separate offenses for purposes of calculating the sentence. And if, I thought your rule was indictment, you have to have the indictment or the arrest doesn't really, it doesn't count as an arrest. But this feels circular to me. You need the indictments. There's multiple offenses. You need to look when the arrests occurred according to the rules. But your rule is that you'd actually don't do that because the indictment is when the arrest occurs. So, and I apologize if the briefing made it seem like that. The arrest does not occur at the time of indictment. At a minimum when... That doesn't count until the indictment happens. Well, until charges happen. And oftentimes in cases like this, when it's required by state procedure, but you can be arrested, taken into custody, and then you're held there until you are brought in front of a judge, arraigned, and even before an indictment, at least charged with something and then having to postpone or bail to be released. Before, I mean, there can be time after that, before an indictment and a grand jury is impaneled, where there's still an arrest under my definition. So indictment's not a magic word necessarily, but charges being brought, like knowing you're going to be... Because again, and I know that these people aren't brought into it because there's not an offense at the end of it, but someone who is arrested and then released that night, and they never get charged, I'm trying to analogize that to the front end of the arrest. How about you say you look to the previous arrest? They don't say you look to the arrest and were charges brought at the time. Sometimes charges are brought through the indictment. So, I understand your point. Yeah, listen, it's a difficult... I think that the rule itself is a little circular, and so maybe that's why my logic may be a little circular, but I think at a minimum, it kind of brings up the fact that this isn't as clear as maybe the government would make it out to be, which is why in the alternative, we relied on the rule of lenity. And I just want to flag before, I have two minutes for rebuttal, but I'm happy to talk about it all right now, that one of the really important issues for lenity, I think is what standard we would use and so I mentioned in that 28-J letter, United States v. Jones, where it's mentioned in a footnote that yes, the rule of lenity applies to the sentencing guidelines, but it said there needs to be grievous ambiguity. So even if this argument is preserved, no ambiguity was grievous, but the case relied on for the fact that the sentencing guidelines and the rule of lenity can work with each other, did not use grievous ambiguity as a standard and in fact, there's been many standards, both in this court and in the Supreme Court for when the rule of lenity is triggered. In United States v. Fitzgerald, Judge McKeague, oh, I'm sorry, I'm way over. I think you're a little over here. I apologize for that. Judge McKeague, do you have any questions? I don't, thank you. We generally know the rule. I'm sorry. When we saw your submission, let the government have time to speak. Good morning. John Grant for the United States. It really is a simple issue here. I mean, the issue is, does the word arrest, under the plain meaning as the court interprets the guidelines, does that mean arrest? And all these arguments I think he's bringing up could be arguments that someone could bring to the sentencing commissions. Hey, let's change the guideline. Let's say that if the person's released after a certain amount of time or whatever, that it shouldn't count. Let's change the text of the guideline, but the guideline is clear. And of course, release is not really an issue, because the person has to be released to commit the second crime. This whole issue comes up because the guidelines say, if the person is charged in one indictment or if they're sentenced at the same time, then those offenses do not count separately unless there is this intervening arrest. And there's no question he was caught with methamphetamine. He was arrested on that charge. So it's not uncommon for a defendant in state court to be arrested by the police and to somehow make bond or to be released because there's some delay or the prosecutors are overburdened with a heavy case. So whatever the case may be, and delay in bringing the case to the grand jury. And there's no requirement in the guideline that the government has to prove, hey, he knew that he was arrested and that there was this intervening arrest. That's not required in the guidelines. So, I mean, I think our argument is... Yeah, do we just factually, do we know how long he was held? No, I mean, there were objections to the pre-sentence report, but there was no factual dispute. And the pre-sentence report in paragraph 36 in the record, ID page 99, it just says that the date of the arrest was January 29, 2017. And the summary says that it does involve an arrest. And then it just says, it appears this is the next year, March 18th, 2018. Rogers was arrested on a failure to appear warrant in the case. So what it seems to have happened is he was arrested, I don't know how long he was held. He was released. And then presumably there was an indictment, probably a summons ordering him to appear. He didn't appear. The judge issued a bench warrant. The bench warrant was active. He gets pulled over with his friends and with methamphetamine in the car. They run his name and find out there's an active warrant. They also find methamphetamine in the car. And he's arrested again. And he's charged with another offense. Then when he's held during that time, those two cases are handled together with a plea and sentencing. And there's two sentences, but they're concurrent. So the question is, do they count? Because they are sentenced together, they would not count separately unless there's an intervening arrest. So he's indicted for the motel arrest, the motel incident offense. Yes. There's nothing in the record indicating that he had knowledge of this indictment, that indictment, before he committed his second offense. Well, he has knowledge that he's arrested for the charge. But he was also released. Yes. You could think. Right. Done. But the whole thing about an indictment doesn't matter because it's not an arrestment post. There's nothing that says only arrests that occur post-indictment count as arrest. The Sentencing Commission could change and they could say, only intervening arrests that occur after an indictment should count. And there could be arguments to be made that that should be that way. But there's nothing in the text of the guideline that says that. So let me ask you this. Tell me if you think that this scenario is different and how it would turn out. Let's say this is a completely federal case. The defendant is arrested on a complaint. Government talks to the attorney a couple of times, extends out. So he remains in custody because he's detained. Ultimately, though, the U.S. Attorney's Office enters a Lavosko dismissal. So he's not indicted. He was held in custody for let's say 28 days before the Lavosko dismissal is entered. A year later, that same defendant gets caught with drugs in his vehicle. He's arrested again. The U.S. Attorney's Office decides, you know what, we're going to indict him for that conduct from a year ago and we're going to indict him for what happened today. He was arrested on the year ago thing about a year ago. Does that arrest? Well, first of all, is that scenario similar to this scenario? No, it's not. I think from my experience in the U.S. Attorney's Office, there would be one indictment for that. The government wouldn't go to the grand jury and seek two separate indictments. They would both be indicted. There would be on this date, he did this. Count two, on this date, he did that. And there would be no question in that situation. So the single indictment with two different convictions would negate the whole issue in your mind? Um, let's see. Maybe not in that situation because there would be an intervening arrest. Let's see, if they've all done the same. So I guess there still would be an intervening arrest. So that could be the case. But if that is the case, then it would just be a clear interpretation of what the guidelines say. I mean, so I would say that would also be another, if that were the case, then that would also be another policy argument that the guidelines should be amended to cover that situation. I mean, I think any time you look at these situations with the guidelines, there's always going to be some unfairness issues in application. Because you're going to have situations, well, what about this situation? What about that? And those are issues that the sentence commission takes up as policy grounds to change the text. But in this situation, I think what he's trying to argue is that an arrest here is not really an arrest. But it is an arrest. There's no question he concedes it was a lawful arrest. And I think under the plain meaning of the guidelines, it counts. Are there no further questions? Thank you. Is the rule so long as he's brought, so long as he's detained in a jail or something, whether it's an hour or a day, a week, a month, it's all an arrest? Well, if you look at the Powell case, it talks about what an arrest, they look at it because that was the question is, is a citation or is a summons an arrest? And they were more than that. Yeah, yeah, right. So they said like arrest has been termed as a seizure or forcible restraint or a taking or keeping of a person in custody. So it is something, you know, it is, there's a formality that it was an hour, day, week, month. Yeah, I mean, you could be arrested and you could be released soon afterwards. It's still an arrest. Yes. If there are no further questions, the United States request that the sentence be. Mr. McKee, do you have any questions? No, thank you. Thank you. Apologies again for going over my time,  I do want to touch on the rule of lenity. That case I was mentioning United States v Fitzgerald, Judge McKee wrote the majority, but Judge Griffin dissented. And he pointed out five different formulations for determining when the rule of lenity applies that the Supreme Court has used. And he pointed out four different ones that this court has used. Just this year in Hardin v ATF, this court used a formulation where text structure and history fail to establish that the government's position is unambiguously correct. We apply the rule of lenity and resolve the ambiguity in the defendant's favor. That's quite different than the case in the 28-J letter I mentioned where it's, there needs to be a grievous ambiguity in order to apply the rule of lenity. And so I think when we're talking about, because I think that standard would do a lot of the work in this case if the court decided to reach the rule of lenity issue. It seems that the court doesn't believe that a grievous ambiguity occurred, but whether the court is convinced that the government unambiguously proved its position is quite a different standard. I think because of the way that the sentence guidelines are in fact kind of promulgated by the Sentencing Commission and not by legislators, that counsel is even stronger in favor of a more permissive application of the rule of lenity than grievous ambiguity. In U.S. v. Henry, the case that Jones relied on to say that the rule of lenity applied to the guidelines, the standard they used was under the rule of lenity, even if one could conclude that there were two rational readings of a guidelines provision, this court would be bound to choose the less harsh reading. So if this court does... So if we were in your behalf, what would you suggest we say in an opinion why this arrest that you concede was an arrest? Why it was not an arrest for purposes of the guidelines? How do we explain that? How do we fashion that rule? Consistent with some cases that in the speedy trial context have said that an arrest needs to be in connection with formal charges more than just custody in order to trigger certain statutory procedures from happening. So to hear with the guidelines, an arrest also needs to have charges that put a defendant on sufficient notice that they're gonna be held legally accountable for their crimes in a career offender context. How does that help the lower courts figure out how temporarily soon the indictment in this case has to be brought? How do we know whether it satisfies your position or the government's position? Well, I think my position is much clearer. If there is an indictment after custody, that's as clear as it gets. And if there are charges brought in an arraignment before a defendant is released, that is also as clear as you can get. And maybe probation needs to be a little clearer in PSRs about what information they include that would help the lower courts as well. Is there any further questions? Any other questions? Judge McKeague? No, thank you. Thank you to both counsel for your arguments. Mr. Rodriguez, thank you for your zealous advocacy on behalf of your client. We appreciate you taking the case. And the case will be submitted.